IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNA-DRILL TECHNOLOGIES, INC., ET AL., <br>     Plaintiffs, <br><br> v. <br><br> CONFORMA CLAD, INC., <br>     Defendants. | § § § § § § § § § | CIVIL ACTION NO. H-03-5599 <br><br><br><br> JURY TRIAL |

**DYNA-DRILL'S REPLY TO CONFORMA CLAD'S OPPOSITION TO DYNA-DRILL'S MOTION TO COMPEL FURTHER DISCOVERY**

Plaintiffs Dyna-Drill Technologies, Inc. ("Dyna-Drill") reply to Conforma Clad, Inc.'s Opposition to Dyna-Drill's Motion to Compel Further Discovery.

**I.     CURRENT PRODUCT INFORMATION IS RELEVANT TO DAMAGES.**

Conforma Clad claims information regarding its post-1998 trade secrets and processes is not relevant to this lawsuit. However, Conforma Clad recently served Dyna-Drill and Speckert with its expert report, wherein Conforma Clad revealed that it is seeking lost profits, damages for prices erosion, and damages related to the alleged diminution in its business. Lost profits of what? Dyna-Drill and Speckert do not know, as Conforma Clad refuses to produce any documents relating to its current processes or formulations for making coated radial bearings. The same is true for Conforma Clad's allegation of damages regarding price erosion and diminution in market value of Conforma Clad's alleged trade secrets. Conforma Clad's refusal to produce relevant documents is hampering Dyna-Drill's ability to defend against Conforma Clad's claim of damages in this case, as Dyna-Drill does not know Conforma Clad's current product is made of or how that product is made.

Such trade secret information is relevant for calculating any profits that Conforma Clad may have lost due to Dyna-Drill and Speckert's alleged misappropriation. Specifically, when calculating lost profit damages, courts apply a "but for" test: but for the misappropriation, the misappropriating party would not have made its sales or profits and the injured party would not have lost profits. *See McRoberts Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 567-70 (7th Cir. 2003) (applying federal and Indiana law to copyright infringement and trade secret misappropriation). In order to prove it lost profits, Conforma Clad theoretically would have to prove that "but for" Dyna-Drill's alleged misappropriation, consumers would have purchased Conforma Clad's products instead. However, Dyna-Drill is frustrated in defending against the alleged lost sales if it does not have technical information with respect to the products that Conforma Clad is currently selling - information such as product constituents and manufacturing processes. Conforma Clad should be required to produce all such documents. Alternatively, Conforma Clad should be precluded from offering any evidence in this lawsuit (at trial or otherwise) regarding its alleged lost profits, price erosion, or diminution in market value.

## II. <u>DOCUMENTS USED WHILE TESTIFYING MUST BE PRODUCED</u>

In two separate depositions, Conforma Clad's witnesses used documents to aid in their testimony. One document is allegedly a timeline of events in this litigation; the other is an outline of Conforma Clad's alleged trade secrets. Under Federal Rule of Evidence 612, documents used to refresh a witnesses memory during deposition testimony must be produced to the other side. FED. R. EVID. 612(1). However, Conforma Clad has repeatedly refused to produce these documents, offering only to produce the portions from the which the witnesses quoted and claiming the rest of the documents are protected by the attorney-client and work product privileges. Federal courts have universally held, though, that when a privileged document is used to refresh a witness' memory, the witness **waives** the document's privileged

HUI-46976v2

status. *See Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993). Conforma Clad cannot assert these privileges.

Conforma Clad also continues to claim it is only required to produce the portions of the document actually used by the witnesses. However, in its opposing motion, it misreads and misapplies federal case law on Rule 612. Federal courts require disclosure of the passages used by the witness, as well as other portions **related to the same subject matter**. *See U.S. v. Larranaga*, 787 F.2d 489, 501 (10th Cir. 1986). Documents that "arguably have an impact on the testimony of the witness" must be produced. *U.S. v. Darden*, 70 F.3d 1507, 1540 (8th Cir. 1995). This means the entirety of both documents used by Conforma Clad's witnesses must be produced, as the passages the witnesses each recited were related to the other information in the documents. Indeed, the cases and secondary sources Conforma Clad relies upon in its opposition to the motion to compel support this proposition. *See Darden*, 70 F.3d at 1540; 4 Weinstein's Federal Evidence, 612.06[2] at p. 612-44-45 (2nd Ed. 2004).

Conforma Clad cites the *Darden* decision to support its claim that the "waiver of privilege 'is limited to those portions of the documents actually consulted.'" Opposition at pg. 5, *citing Darden*, 70 F.3d at 1540. Dyna-Drill notes that the Court in *Darden* required that all documents reviewed during the witness' testimony be produced for inspection by the opposing party. *See Darden*, 70 F.3d at 1540. Further, the only other two cases cited by Conforma Clad involve witnesses that reviewed documents ***prior*** to the time of their testimony, not while testifying. *See,,* Opposition at 5, *citing, e.g., Jos. Schlitz Brewing Co. v. Muller & Phipps, Ltd.*, 85 F.R.D. 118, 119-120 (W.D. Mo. 1980) (documents used to refresh witness' memory prior testimony); *Burns v. Exxon Corp.*, 158 F.3d 336, 344 (5th Cir. 1998)(same). Production of documents used by a witness while testifying is mandatory. Indeed, the law in the Fifth Circuit

HUI-46976v2

is clear: "[i]t is well settled that if a witness uses any paper or memoranda **while he is on the stand** to refresh his memory in giving his testimony, the opposing side, upon proper demand, has the right to see and examine that paper or memoranda and to use it in cross-examining the witness." *Marcus v. United States,* 422 F.2d 752, 754 (5th Cir. 1970) (emphasis added). Conforma Clad cannot continue to hide behind the attorney-client privilege as a subterfuge around the Federal Rules of Evidence and controlling decisional law in the Fifth Circuit. It should produce both documents in their entirety.

### III. CONCLUSION

For the reasons stated herein, Dyna-Drill's motion to compel dated November 18, 2004 should be granted.

Respectfully submitted,

_____
Gregory L. Porter      w/ permission
Attorney-in-Charge
Texas Bar No. 24002784
Southern District I.D. No. 34185
JONES DAY
717 Texas, Ste. 3300
Houston, Texas   77002-2712
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

ATTORNEYS FOR PLAINTIFF
DYNA-DRILL TECHNOLOGIES, INC. AND
PLAINTIFF IN INTERVENTION, MICHAEL
SPECKERT

OF COUNSEL:
Joseph M. Beauchamp
Texas Bar No. 24012266
Southern District I.D. No. 24263
JONES DAY
717 Texas, Ste. 3300
Houston, Texas   77002-2712
Telephone:  (832) 239-3939
Facsimile:   (832) 239-3600

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on the following counsel, who is a registered with the Court's ECF system, via the ECF filing system:

Jennifer S. Sickler
Gardere Wynne Sewell LLP
1000 Louisiana, Suite 3400
Houston, TX 77002

_____

HUI-46976v2