United States District Court
Southern District of Texas
FILED

JAN - 7 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DYNA-DRILL TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> CONFORMA CLAD, INC., <br><br> Defendant, <br><br> v. <br><br> MICHAEL A. SPECKERT, <br><br> Plaintiff-Intervenor. | CIVIL ACTION NO. H-03-5599 |

## CONFORMA CLAD'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION

Conforma Clad, Inc. ("Conforma Clad") respectfully files this reply in support of its Motion to Compel Deposition Testimony and Document Production ("Motion") (Docket Entry No. 78) to specifically address arguments made by Dyna-Drill Technologies, Inc. ("Dyna-Drill") and Michael A. Speckert ("Speckert") in their response to the Motion.

A. **No Palpable Threat of Litigation Existed at the Time of the Communications at Issue**

Dyna-Drill and Speckert ("Plaintiffs") argue that because Conforma-Clad has enforced its contractual rights against previous employees, other than Speckert, Plaintiffs have met the "palpable threat of litigation" standard necessary to invoke the common interest privilege.[1] Dyna-Drill and Speckert omit the critical portion of the court's holding from *Santa Fe* that exposes the flaw in their logic. *In re: Santa Fe Int'l Corp.*, 272 F.3d 705, 711 (5th Cir. 2001).

---

[1] Response to the Motion at 5.

CONFORMA CLAD'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION
OF DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION
DALLAS 1483464v1

Page 1

The court's holding is that there "must be a palpable threat of litigation at the time of the communication, *rather than a mere awareness that one's questionable conduct might someday result in litigation*, before communications between one possible future co-defendant and another...could qualify for protection." *Id.* (emphasis added).

Dyna-Drill and Speckert's response to the Motion demonstrates that they were aware that their conduct raised legal issues, not that there was a palpable threat of litigation. Thus, the communications between Speckert and Dyna-Drill regarding Speckert's potential future employment by Dyna-Drill do not qualify for protection under the common interest privilege. If the arguments of Dyna-Drill and Speckert prevail, any employee who signs a confidentiality agreement can shield his attempts to breach that agreement under the guise of a common interest with a potential prospective employer.

**B.   Objections to the Ford Deposition Are Unfounded**

   **1.   Ford Was Involved in the Conversations at Issue**

As set forth in the Motion, deponents Speckert and Delpassand refused to answer questions regarding negotiations between Speckert and Dyna-Drill. Those discussions also involved Stuart Ford, a Dyna-Drill executive. There is no reason to believe that Mr. Ford would have answered questions regarding the negotiation of Speckert's employment without being ordered to do so by this Court.

   **2.   One Additional Deposition Is Not Unduly Burdensome**

Dyna-Drill and Speckert acknowledge that they have already agreed to exceed the deposition limit in this case.[2] This Motion to Compel was necessitated by the refusal of Dyna-Drill and Speckert to answer questions during depositions or to produce documents responsive to Conforma Clad's requests, as fully set forth in the Motion. Had Speckert or

---

[2] Response to the Motion at 8.

Dyna-Drill provided the requested information at the time of their depositions, the present request would have been largely unnecessary. This Court can rectify the prejudice to Conforma Clad by ordering the continuation of the Speckert and Delpassand depositions with respect to the negotiation of Speckert's employment by Dyna-Drill, and the deposition of Stuart Ford on the same topic. Mr. Ford is the Dyna-Drill executive that seems to have the most knowledge on this issue.

### 3. Conforma Clad's Motion Is Not Untimely

The discovery deadline in this case applied to any requests for additional discovery and was not meant to *shield* the refusal of Dyna-Drill and Speckert to testify regarding matters relevant to this suit. Conforma Clad is not seeking additional discovery, merely answers to questions it has already asked and to which Dyna-Drill and Speckert have refused to answer.

### C. Conclusion

As set forth above, there is no privilege afforded the communications in 2002 between Speckert and Dyna-Drill's attorney/executive Stuart Ford, or Dyna-Drill's Vice President, Delpassand, regarding the potential employment of Speckert by Dyna Drill. Conforma Clad respectfully requests that the Court order that the depositions of Speckert, Delpassand and Ford may be taken on these matters, and order the production of any relevant documents prepared by Speckert, Delpassand and/or Ford during the course of the 2002 negotiations or shortly following their conclusion. Additionally, Conforma Clad requests that Dyna-Drill be ordered to pay the costs incurred by Conforma Clad in taking the additional depositions of Speckert and Delpassand. A proposed order is attached for the convenience of the Court.

CONFORMA CLAD'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION OF DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION
DALLAS 1483464v1

Page 3

Respectfully submitted,

**GARDERE WYNNE SEWELL LLP**

*/s/ Jennifer S. Sickler*
Jennifer S. Sickler
Texas Bar No. 18339600
Thomas C. Wright
Texas Bar No. 24028146
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana, Suite 3400
Houston, Texas 77002-5007
713-276-5382 (Telephone)
713-276-6382 (Facsimile)

Joel T. Beres
John W. Scruton
**STITES & HARBISON PLLC**
400 West Market Street, Suite 1800
Louisville, KY 40202-3352
502-587-3400 (Telephone)
502-587-6391 (Facsimile)

**ATTORNEYS FOR DEFENDANT CONFORMA CLAD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record by hand delivery on this 7th day of January, 2005, as follows:

Greg Porter
Jones Day
717 Texas, Suite 3300
Houston, TX 77010-2712

*/s/ Jennifer S. Sickler*
Jennifer S. Sickler

CONFORMA CLAD'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL PRODUCTION
OF DEPOSITION TESTIMONY AND DOCUMENT PRODUCTION
DALLAS 1483464v1

Page 4