UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYNA-DRILL TECHNOLOGIES INC, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-03-05599 |
| | § | |
| CONFORMA CLAD INC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Defendant has filed a Motion To Disqualify Dr. Dustoor as an Expert and To Strike His Expert Report (Docket Entry No. 107). For the following reasons, the Motion is **GRANTED**.

The Court declines to decide the Motion based on Defendant's arguments that Plaintiff missed the Court's expert designation deadline or violated the protective order. The Court prefers to address Defendant's substantive arguments as to why Dr. Dustoor should be excluded as an expert.

Defendant argues that the Court should disqualify Dr. Dustoor as an expert for Plaintiff because Dr. Dustoor was employed for many years by Defendant's predecessor company and was in charge of the commercialization of the alleged trade secret process at issue in this case. Dr. Dustoor left Defendant's predecessor in 1987. Plaintiff responds that Defendant cannot meet the standard for expert disqualification set out by the Fifth Circuit in *Koch Refining Co. v. Jennifer L. Boudreaux MV*, 85 F.3d 1178 (5th Cir. 1996).

In *Koch*, the Fifth Circuit adopted the test used by many lower courts in deciding whether to exclude experts in cases, other than those in which the expert clearly switched sides:

> Was it objectively reasonable for the first party who claims to have retained the

> expert to conclude that a confidential relationship existed?
>
> Was any confidential or privileged information disclosed by the first party to the expert?

Both questions must be answered in the affirmative for the witness to be disqualified. *Koch*, 85 F.3d at 1181 (citations omitted).

The Court finds that it was objectively reasonable for Defendant to conclude that a confidential relationship existed between it and Dr. Dustoor. Though Defendant never sought to retain Dr. Dustoor as an expert in this case, the Court believes that the same *Koch* analysis should apply because Dr. Dustoor was an employee of Defendant's predecessor and was substantially involved in the development of the alleged trade secrets at issue in this case. As a former employee of Defendant's predecessor, Defendant could reasonably expect that it had the type of relationship with Dr. Dustoor whereby certain communications would remain in confidence. *In re Ambassador Gp., Inc.*, 879 F. Supp. 237, 243 (E.D.N.Y. 1994). Other federal district courts, some of which have referenced the *Koch* decision, have found that it was objectively reasonable for the first party to conclude that a confidential relationship existed where the expert in question had not previously served as an expert for the first party. *See United States ex rel., Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 249-50 (D.N.J 1997) (expert was the first party's accountant during the time that the actions complained of allegedly occurred and the litigation was first instituted), *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, No. 95 Civ. 8833 (RPP), 2000 U.S. Dist. LEXIS 321 (S.D.N.Y Jan. 14, 2000) (expert was an outside consultant for the first party predating the litigation), *Marvin Lumber & Cedar Co. v. Norton Co.*, 113 F.R.D. 588, 590-91 (D. Minn.

1986) (expert was a consulting engineer for the first party at the time he was retained as an expert for the other party). If there is a distinction to be drawn between a challenged witness who had previously been an expert rather than an employee, the distinction would seem to cut against Dr. Dustoor. That is, the confidential relationship would seem to be stronger between an employer and a long-time employee than between an employer and a sometime expert.

The Court also finds that Defendant disclosed confidential or privileged information to Dr. Dustoor. Though Dr. Dustoor left Defendant's predecessor company in 1987, Defendant told the Court in a hearing held on this Motion that Dr. Dustoor has not worked in the field since then. Therefore, says Defendant, the only expertise Dr. Dustoor could have gained that would be relevant to his testimony in this lawsuit was gained while he was an employee of Defendant's predecessor. Plaintiff's attempts to dispute this assertion were not convincing.

Plaintiff also argues that any information that was disclosed to Dr. Dustoor was not confidential. In *Koch*, the Fifth Circuit cited lower federal court decisions as to what constitutes confidential information. Though the type of information that would have been disclosed to Dr. Dustoor was not mentioned, the examples cited are not exhaustive. *Koch*, 85 F.3d at 1182 (citations omitted) (saying that confidential information "would include" discussion of litigation strategies, the kinds of experts to be retained, the strengths and weaknesses of each side, the role of the witnesses to be hired, and anticipated defenses). Even though Defendant does not allege that it disclosed any confidential or privileged information regarding its trial strategy in this case to Dr. Dustoor, Dr. Dustoor does have knowledge of confidential information that is highly relevant to the subject of this litigation. In *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, there was no allegation that the plaintiff had shared its trial strategy with the expert, but the court still excluded the expert. No.

95 Civ. 8833 (RPP), 2000 U.S. Dist. LEXIS 321 (S.D.N.Y Jan. 14, 2000). The expert had reviewed and conducted clinical trials for the plaintiff involving the use of a certain drug to treat ovarian cancer. *Id*. at *7. The expert was proposing to testify for the defendant regarding whether, if the plaintiff's drug were not available on the market, oncologists would use another drug. *Id*. at *14-15. The court concluded that such testimony would "raise the potential" for breach of the plaintiff's confidences disclosed during the plaintiff's prior discussions with the expert. *Id*. at *15. In this case, the Court is also concerned that Dr. Dustoor's testimony would raise the potential for a breach of Defendant's confidences.

  The Court also is not persuaded by Plaintiff's contention that any information disclosed to Dr. Dustoor is not confidential because it is technical. *See Koch*, 85 F.3d at 1182 (citation omitted). First, the Court believes that information can be both technical and confidential, such that the two are not always mutually exclusive. The justification for such a distinction certainly is not compelling in this case. Furthermore, though most of the information disclosed to Dr. Dustoor may have been technical, there is no question that the information was disclosed during Dr. Dustoor's employment with Defendant's predecessor regarding the alleged trade secrets at issue in this case. Plaintiff effectively expects Dr. Dustoor to testify as to his opinions in this case without reference to any confidential information that was disclosed to him while he was an employee of Defendant's predecessor. This seems to the Court to be an impossible feat.

  According to the Fifth Circuit in *Koch*, lower courts often also consider competing policy objectives in deciding whether to exclude an expert. *Koch*, 85 F.3d at 1182 (citation omitted). One public policy objective favoring disqualification is preventing conflicts of interest. *Id*. (citation omitted). The Court is concerned about the potential for a conflict of interest here if Dr. Dustoor were to testify. One of the factors militating against

disqualification is "ensuring that parties have access to expert witnesses who possess specialized knowledge." *Id*. at 1183 (quoting *English Feedlot, Inc. v. Norden Labs., Inc.*, 833 F. Supp. 1498, 1504-05 (D. Colo. 1993). Though Plaintiff claims that there are few experts who possess the requisite specialized knowledge in this case, the Court finds that such a concern is not sufficient to outweigh the serious potential for a conflict of interest.

Therefore, the Court concludes that, under the standard established by the Fifth Circuit in *Koch,* Dr. Dustoor should be excluded as an expert in this case.

IT IS SO ORDERED.

SIGNED the 16th day of May, 2005.

Keith P. Ellison
United States District Judge

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**